UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE C. SWINYER Jr., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE MORGAN *et al.*, <br><br> Defendants. | Case No.  C04-5522RJB <br><br> REPORT AND RECOMMENDATION <br><br> **NOTED FOR:** <br> **April 7th , 2006** |

This 42 U.S.C. § 1983 Civil Rights action has been re- referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff has been granted *in forma pauperis* status.  (Dkt. # 3).  Before the court is plaintiff's request to dismiss this action without prejudice.  (Dkt. # 98).  The defendants have responded and indicate they do not oppose the motion and do not request costs or terms.  (Dkt. # 99).

DISCUSSION

Defendant correctly sets fort the legal standard for dismissal at this point in the litigation.

> Under Civil Rule 41, a plaintiff has an unqualified right to dismiss the action only if the plaintiff does so before the defendant serves an answer or motion for summary judgment, whichever first occurs. CR 41(a)(1). Because Defendants have filed an answer in this case, Plaintiff may voluntarily dismiss his action only pursuant to a court order and "upon such terms and condition as the court deems proper." CR 41(a)(2). Motions to dismiss under CR 41(a)(2) should normally be granted unless the defendant "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." 9 Wright and Miller, <u>Federal Practice and Procedure</u> § 2364 (2d ed. 1995); <u>see also</u> <u>Hamilton v. Firestone Tire and Rubber Co.</u>, 679 F2d 143 (9th Cir. 1982).

REPORT AND RECOMMENDATION
Page - 1

(Dkt. # 99). Defendant indicate they will not suffer plain legal prejudice and do not oppose the motion. Accordingly this action should be **DISMISSED WITHOUT PREJUDICE**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 7th, 2006**, as noted in the caption.

DATED this 13th day of March, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2